UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN ESSINGTON, Administrator
of the Estate of DAVID
ESSINGTON, deceased,

    Plaintiff,

v.

MONROE COUNTY TRANSIT
AUTHORITY, et al.,

    Defendants.

CIVIL ACTION NO. 3:19-cv-01878

(SAPORITO, M.J.)

## ORDER

This is a federal civil rights action, brought by the plaintiff pursuant to 42 U.S.C. § 1983. In addition to a § 1983 claim against defendant Monroe County Transit Authority ("MCTA"), the plaintiff has brought related state-law claims against MCTA and other defendants, pursuant to 28 U.S.C. § 1367.

One of those defendants is the Commonwealth of Pennsylvania, Department of Transportation ("PennDOT"). PennDOT has moved to dismiss the plaintiff's claims against it for lack of subject matter jurisdiction, asserting that it is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution. (Doc. 14; *see*

*also* Doc. 25.) In response, the plaintiff has conceded that this Court lack subject matter jurisdiction, and he requests that we dismiss the claims against PennDOT without prejudice so he can refile them in state court pursuant to 42 Pa. Cons. Stat. Ann. § 5103. (Doc. 37.) PennDOT has filed a reply brief requesting that we instead dismiss the claims *with prejudice*. (Doc. 38.)

It is clear—and of course, undisputed—that we lack subject matter jurisdiction over the plaintiff's state-law claims against PennDOT. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Pennhurst State Schs. & Hosp. v. Haldeman*, 465 U.S. 89, 120–21 (1984); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007). But lacking subject matter jurisdiction over these claims, we also lack authority to dismiss them with prejudice. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"); *Warren v. Gantman*, 800 Fed. App'x 86, 88 (3d Cir. 2020) (per curiam) (modifying district court order to dismiss complaint without prejudice).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. PennDOT's motion to dismiss (Doc. 14) is **GRANTED**;

2. All claims against PennDOT are **DISMISSED without prejudice** for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and

3. Finding no just reason for delay, the Clerk is directed to enter separate **FINAL JUDGMENT** with respect to defendant **Commonwealth of Pennsylvania, Department of Transportation**, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, reflecting that all claims against this defendant have been dismissed *without prejudice* for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated: September __8__, 2020

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge