# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA



SEAN ESSINGTON, Administrator
of the Estate of DAVID
ESSINGTON, deceased,

       Plaintiff,

       v.

MONROE COUNTY TRANSIT
AUTHORITY, et al.,

       Defendants.

CIVIL ACTION NO. 3:19-cv-01878

(SAPORITO, M.J.)

## AMENDED MEMORANDUM

This is a federal civil rights action, brought by the plaintiff pursuant to 42 U.S.C. § 1983. In addition to a § 1983 claim against defendant Monroe County Transit Authority ("MCTA"), the plaintiff has brought related state-law claims against MCTA and other defendants, pursuant to 28 U.S.C. § 1367.

Two of the defendants have moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure: MCTA and A Pocono Country Place Property Owners Association, Inc. (the "POA"). (Doc. 15; Doc. 16.) Both motions are fully briefed and ripe for decision. (Doc. 22; Doc. 34; Doc. 35; Doc. 39.)

## I.   BACKGROUND

At the time of his death on October 30, 2017, the decedent, David Essington ("David"), was 17 years old. He had resided with his father, Sean Essington, within a gated planned community known as "A Pocono Country Place," located in Coolbaugh Township, Monroe County, Pennsylvania.

On the evening of October 30, 2017, David was a passenger on Bus No. 1306, a public transit bus operated by MCTA. The bus was traveling northbound on MCTA's "Silver Route," along Pennsylvania State Route 196 ("PA-196"), also known as Sterling Road.[1] PA-196 is a highly traveled, heavily wooded, curving mountainous roadway consisting of one lane of travel in each direction with a speed limit of 45 miles per hour.[2]

At approximately 8:28 p.m., the bus arrived at a scheduled bus stop, known as "A Pocono Country Place, Woodside Drive," which was located at the intersection of PA-196 and Woodside Drive. This bus stop provided

---

[1] MCTA buses on the Silver Route provide public transit bus service between Kalahari Resorts Poconos, where David worked, and A Pocono Country Place, where he resided.

[2] The complaint characterizes this stretch of PA-196 as "one of the most dangerous roadways in Pennsylvania, having had seven (7) motor vehicle fatalities occurring between 2015 and 2017." (Doc. 1 ¶ 38.)

service exclusively to passengers wishing to disembark to enter the gated community, A Pocono Country Place, which was located on the western side of PA-196. The gate at Woodside Drive permitted pedestrian access only—no vehicular traffic into or out of the community was permitted at this location. The bus stop was located on the eastern side of PA-196, such that passengers disembarking there were required to exit the bus onto the eastern side of the roadway and cross both the northbound and southbound lanes of PA-196 to access the gated community. There were no structures, roadways, driveways, or other improvements on the eastern side of PA-196 near the Woodside Drive bus stop.

Using the bus's rear exit, David disembarked Bus No. 1306 onto the shoulder of the northbound lane of PA-196. David then proceeded to cross the northbound lane of PA-196 and into the southbound lane, where he was struck by a vehicle owned and operated by a third-party defendant, Joaquin Acevedo-Soltren, which was traveling south on PA-196. The complaint alleges, upon information and belief, that Acevedo-Soltren was unable to see David before striking him because the position of the bus and its headlights were obstructing his view. David died as a result of injuries sustained in the collision.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic

documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## III.  DISCUSSION

### A. Section 1983 Claim Against MCTA

In his primary claim, upon which federal jurisdiction over this case rests, the plaintiff claims that MCTA's official acts and policies violated his right to substantial due process under the Fourteenth Amendment to the United States Constitution, made actionable by 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983

claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Here, the plaintiff's Fourteenth Amendment claim relies on a state-created danger theory of liability. "While states generally do not have an obligation to protect citizens, under the state-created danger doctrine, a public actor may be liable for harm a citizen suffers if 'the state acts to create or enhance a danger that deprives the plaintiff of his' due process rights." *K.W. ex rel. White v. Se. Pa. Transp. Auth.*, 760 Fed. App'x 104, 107 (3d Cir. 2019) (quoting *Sanford v. Stiles*, 456 F.3d 298, 304 (3d Cir. 2006)). The state-created danger doctrine "embodies the principle that the government has an obligation under the Fourteenth Amendment's Due Process Clause 'to protect individuals against dangers that the government itself creates.'" *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717 (3d Cir. 2018) (quoting *Haberle v. Troxell*, 885 F.3d 170, 176 (3d

Cir. 2018)).

To plead a state-created danger claim, the plaintiff must plausibly allege:

> (1) the harm ultimately caused was foreseeable and fairly direct;
>
> (2) a state actor acted with a degree of culpability that shocks the conscience;[3]
>
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
>
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Sanford v. Stiles*, 456 F.3d 298, 304–05 (3d Cir. 2006) (quoting *Bright v. Westmoreland Cty.*, 443 F.3d 276, 281 (3d Cir. 2006). All four elements must be satisfied. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (stating that a plaintiff's failure to adequately plead the fourth

---

[3] Although we do not reach this element, we note that "[t]he level of culpability required to shock the conscience increases as the time state actors have to deliberate decreases. . . . [I]n cases where deliberation is possible and officials have the time to make 'unhurried judgments,' deliberate indifference is sufficient." *Sanford*, 456 F.3d at 309.

element "obviates the need to analyze the other three elements");
*Sanford*, 456 F.3d at 311 (noting that the plaintiff's "claim can go no further" because she failed to adequately plead the second element). Here, the third and fourth elements are dispositive of the plaintiff's § 1983 claim against MCTA.

With respect to the third element, the relationship requirement, the plaintiff alleges that he was a member of the discrete class of "passengers of the northbound Silver Route of the defendant, Monroe County Transit Authority, disembarking at the bus stop known as A Pocono Country Place, Woodside Drive." (Doc. 1 ¶ 60.) But "a plaintiff is not part of a discrete class if the risk applies to thousands, or even hundreds of people and the risk exists for an 'indefinite' duration of time." *Crockett v. Se. Pa. Transp. Ass'n*, Civil Action No. 12-4230, 2013 WL 2983117, at *6 (E.D. Pa. June 14, 2013); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 913 n.12 (3d Cir. 1997) ("Where the state actor has allegedly created a danger towards the public generally, rather than an individual or group of individuals, holding a state actor liable for the injuries of foreseeable plaintiffs would expand the scope of the state-created danger theory beyond its useful and intended limits."); *Jones v. Reynolds*, 438 F.3d 685,

697 (6th Cir. 2006) ("When . . . the victim was not identifiable at the time of the alleged state action/inaction, . . . a § 1983 suit may not be brought under the 'state created danger' theory."). Thus, other courts considering state-created danger claims have concluded that public transit passengers do not constitute a "discrete class" of potential plaintiffs under the state-created danger doctrine. *See Crockett*, 2013 WL 2983117, at *6–*7; *Martinez v. Se. Pa. Transp. Auth.*, Civil Action No. 08-5021, 2009 WL 5101824, at *5 (E.D. Pa. Dec. 15, 2009). We agree. The risk faced by David, which resulted in his unfortunate death on the evening of October 30, 2017, was the same risk faced by countless other passengers on the MCTA Silver Route as they disembarked at this and other bus stops over the course of years since service commenced along that route.

With respect to the fourth element, the affirmative act requirement, the plaintiff alleges that MCTA acted affirmatively when it "planned, designed, scheduled or otherwise designated the bus stop known as ['A Pocono Country Place, Woodside Drive'] in such a manner so that passengers disembarking from the northbound Silver Route were required to exit the bus onto the eastern side of the roadway of [PA-196] and then proceed to cross both the northbound and southbound lanes to

access" the gated community, A Pocono Country Place.[4] (Doc. 39, at 13; *see also* Doc. 1 ¶ 62.) But "a plaintiff cannot satisfy the fourth prong of the state-created danger [doctrine] by recasting as affirmative acts omissions or 'passive conduct' not specifically directed at the plaintiff." *Estate of Viola v. Twp. of Bensalem*, 96 F. Supp. 3d 466, 471 (E.D. Pa. 2015).

> The fourth of these conjunctive elements reflects the fact that the substantive component of the Due Process Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without due process of law. A specific and deliberate exercise of state authority is not sufficient. Rather, there must be a direct causal relationship between the affirmative act of the state and plaintiff's harm. Only then will the affirmative act render the plaintiff more vulnerable to danger than had the state not acted at all.

*White*, 760 Fed. App'x at 107 (citations, internal quotation marks, and alterations omitted).

Here, MCTA's decision to place a bus stop on the eastern side of PA-196, across the road from the Woodside Drive gate, as opposed to some

---

[4] We note that the plaintiff does not allege any other affirmative act occurring on or closer in time to the date of the decedent's death. *See, e.g.*, *White*, 760 Fed. App'x at 108–09 (rejecting argument that placement of bus into service on the day of accident was an affirmative act).

other location, was not an affirmative act specifically directed at the decedent. *See Viola*, 96 F. Supp. 3d at 471. A decision regarding the particular location or configuration of the Woodside Drive bus stop cannot be said to have affirmatively placed David in danger or increased danger. The danger he faced was crossing a busy roadway at night. *See id.* Nor is it alleged that MCTA required that David take the bus rather than commute to and from work by some other means. *See id.*[5]

---

[5] In support of his argument that MCTA acted affirmatively, the plaintiff cites two different cases involving the sexual abuse of minors by foster parents. *See K.S.S. v. Montgomery Cty. Bd. of Comm'rs*, 871 F. Supp. 2d 389, 402–03 (E.D. Pa. 2012) (placement of child in foster care of known pedophile was an affirmative act); *D.N. ex rel. Nelson v. Snyder*, 608 F. Supp. 2d 615, 627 (M.D. Pa. 2009) (active concealment of former municipal employee's possession of child pornography on municipal computer, despite knowing he was an aspiring foster parent, was an affirmative act). We find these cases entirely inapposite to the facts of this case.

The plaintiff has also cited the Third Circuit's decision in *Morse*, but we find that case supports our decision. As in *Morse*, here there is no direct causal connection between the alleged acts or omissions of MCTA and the harm which befell the decedent. MCTA's decision to place the Woodside Drive bus stop for the northbound Silver Route on the eastern side of the roadway, across the road from the community it served, did not *directly* place the decedent in harm's way. *See Morse*, 132 F.3d at 915. The decision by MCTA to locate the bus stop on the eastern side of the roadway did not place David in "a dangerous environment stripped of means to defend [himself] and cut off from sources of aid." *Id.* (quoting *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 202 (5th Cir. 1994)). Nor does the plaintiff allege that MCTA placed David in a "unique

(continued on next page)

Accordingly, we will grant MCTA's motion to dismiss with respect to the § 1983 claim. The plaintiff's § 1983 claim against MCTA will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## B. Supplemental State-Law Claims

Upon dismissal of the plaintiff's § 1983 claim against MCTA, only his state-law claims against MCTA and the other defendants will remain. Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state-law claims remain,

---

confrontational encounter" with Acevedo-Soltren, driver of the car that struck him. *Id.* (quoting *Cornelius v. Town of Highland Lake*, 880 F.2d 348, 359 (11th Cir. 1989)). *See generally Brown v. Grabowski*, 922 F.2d 1097, 1100–01 (3d Cir. 1990) ("[A] state's failure to take affirmative action to protect a victim from the actions of a third person will not, in the absence of a custodial relationship between the state and the victim, support a civil rights claim.").

the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7. Accordingly, the plaintiff's state-law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### C. Leave to Amend

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). It is not clear that amendment would be futile, nor is there any basis to believe it would be inequitable. Therefore, the plaintiff will be granted leave to file an amended complaint within twenty-one days following dismissal of the original complaint.

- 13 -

## IV.   CONCLUSION

For the reasons set forth above, the motion to dismiss by MCTA (Doc. 16) will be granted in part and denied in part as moot. It will be granted with respect to the plaintiff's § 1983 claim, which will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff's state-law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). As a result, the POA's motion to dismiss (Doc. 15) and the remainder of MCTA's motion to dismiss (Doc. 16) will be denied as moot.

The plaintiff may file an amended complaint within twenty-one days after dismissal of the original complaint. Failure to timely file an amended complaint will result in dismissal of the § 1983 claim with prejudice.

Dated: September __15__, 2020

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge